Wanda Wilson Lewis pleaded guilty on October 10, 2000, to criminal solicitation to commit a controlled-substance crime, a violation of § 13A-12-202, Ala. Code 1975. Following her plea, Lewis applied for and was accepted into a diversion program operated by the Montgomery County District Attorney's office; however, she failed to complete the program. Upon motion made by the State, the case was reinstated for purposes of sentencing Lewis, and, on February 7, 2003, the trial court ordered Lewis to complete six months of community service. The trial court noted that the case against Lewis would be dismissed upon proof that she had completed the court-ordered community service. On February 19, 2003, the State objected to the court's ordering Lewis to perform community service as a "court sponsored" diversion program and moved the trial court to impose sentence upon Lewis. On May 13, 2003, the trial court entered an order denying the State's motion and refusing to impose sentence. The State filed a motion to reconsider, which the trial court denied, and, on August 22, 2003, the trial court dismissed the case against Lewis.
The State petitioned the Court of Criminal Appeals for a writ of mandamus; that court denied the State's petition on October 6, 2003, by an order. Rather than seeking de novo review in this Court of the denial by filing a petition for a writ of *Page 1021 
mandamus, the State elected to seek a rehearing in the Court of Criminal Appeals. Rule 21(e)(1), Ala. R.App. P. The State's application for a rehearing was overruled by the Court of Criminal Appeals on October 20, 2003. Because the State elected to seek a rehearing in the Court of Criminal Appeals, it must now seek review of that Court's order denying its petition for a writ of mandamus by filing in this Court a petition for a writ of certiorari under Rule 39, Ala. R.App. P. Rule 21(e)(3), Ala. R.App. P.
Rule 39(a)(1)(A)-(E), Ala. R.App. P., provides that "[i]n all civil cases and in all criminal cases other than cases in which the death penalty is imposed, petitions for writs of certiorari will be considered only" from one of five specified types of decisions. Rule 39(d)(3), Ala. R.App. P., provides that "[t]he petition shall contain: . . . [a] concise statement of the grounds, 39(a)(1)(A)-(E), . . . on which the petition is based." The petition in this case recites as "grounds" some of the events occurring in the trial court; it cites one case for the proposition that jeopardy attaches when an individual pleads guilty and the trial court accepts the plea and one case for the proposition that once jeopardy has attached the State has no right of appeal. None of the "grounds" set forth by the State in its petition remotely qualifies as a "ground" cognizable under Rule 39(a)(1)(A)-(E).
Additionally, the Court of Criminal Appeals denied the State's petition for a writ of mandamus without an opinion. The State then filed an application for rehearing, which the Court of Criminal Appeals overruled, also without an opinion. The proper method of getting the facts before this Court in such a situation is set forth in Rule 39(d)(5)(B), which provides:[1]
"The petition shall contain:
". . . .
 "(5) A statement of the facts, if a party is not satisfied with the facts stated in the opinion or the unpublished memorandum of the court of appeals, or if the court of appeals issued a `no-opinion' decision pursuant to Rule 53. The statement of facts shall not be incorporated or adopted by reference from any other document, including the party's brief in support of the petition.
". . . .
 "(B) Statement of facts where an application for rehearing was filed with court of appeals in a `no-opinion' decision or an opinion that does not state the facts. If a court of appeals issues a `no-opinion' affirmance pursuant to Rule 53 or issues an opinion or unpublished memorandum that does not contain a statement of facts, the applicant shall include in the application for rehearing the applicant's statement of facts. If the court of appeals does not include the applicant's statement of facts in a subsequent opinion or memorandum, a verbatim copy of the applicant's statement of facts as presented to the court of appeals must be included in the petition for the writ of certiorari, with references to the pertinent portions of the clerk's record and the reporter's transcript. The petition must include a verification that the statement of facts is a verbatim copy of the statement presented *Page 1022 
to the court of appeals in the application for rehearing."
(Emphasis added.)
The State made no attempt in its petition to this Court to comply with the requirements of Rule 39(d)(5)(B). The petition simply sets out a "statement of facts," without any suggestion, and certainly no verification, that that statement of facts represents a verbatim copy of the statement of facts submitted to the Court of Criminal Appeals as a part of the State's application for rehearing.
The merits of the substantive issue presented by the State may be deserving of review; however, because of the deficiencies in the petition we are unable to review the issue. Accordingly, the State's petition for a writ of certiorari is denied.
WRIT DENIED.
NABERS, C.J., and SEE, HARWOOD, and STUART, JJ., concur.
[1] On January 12, 2005, the Alabama Supreme Court amended Rule 39, Ala. R.App. P. Rule 39(d)(5) was substantially changed. The amendment to Rule 39 is effective June 1, 2005.